JS-6, O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FORTUNE,<br><br>                    Plaintiff,<br>         v.<br><br>GLAM HOUSE GROUP, INC.<br><br>                    Defendant. | Case No.: 2:25-cv-04241-MEMF-PD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 14]** |

Before the Court is the Motion for Default Judgment filed by Plaintiff James Fortune. ECF No. 14. For the reasons stated herein, the Court thereby GRANTS the Motion for Default Judgment.

/ / /

/ / /

1

I. **Background**

    A. Factual Background[1]

    Plaintiff James Fortune ("Fortune") is a professional photographer by trade who has invested significant time and money in building his photograph portfolio. Compl. ¶¶ 10–11. Fortune is the legal and rightful owner of the photographs he authors and commercially licenses. *Id*. ¶ 10. Fortune's photographs are original, creative works for which he has obtained active and valid copyright registrations for from the United States Copyright Office (the "USCO"). *Id*. ¶¶ 12–13. On November 4, 1999, Fortune authored and published a photograph of American singer and musician, James Newell Osterberg Jr., professionally known as Iggy Pop, posing with two women (the "Photograph"). Fortune Decl. ¶ 7; ECF No. 1-1 ("Ex. 1"); *Id*. ¶ 14. In creating the Photograph, Fortune personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each artistic determination necessary for the creation of the work. Compl. ¶ 15. Fortune created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution. *Id*. ¶ 17. The Photograph was registered by the USCO under Registration No. VAu 477-427 on November 4, 1999. *Id*. ¶ 16.

    Defendant Glam House Group, Inc. ("Glam House") owns and operates a Facebook account with the name "@glamboutiquela" (the "Account"). *Id*. ¶ 3. The Account is a key component of Defendant's commercial enterprise which sells fashion jewelry to the public. *Id*. ¶¶ 20–21. On or about May 31, 2017, Glam House, without permission or authorization, copied and displayed an exact copy of Fortune's original copyright protected Photograph on the Account as part of a social media post, infringing on Fortune's copyrights in and to the Photograph (hereinafter the unauthorized use set forth above is referred to as the "Infringement"). ECF No. 1-2 ("Ex. 2"); *Id*. ¶¶ 25–26, 28, 30. The Infringement includes a URL ("Uniform Resource Locator") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration. Compl. ¶ 29. Fortune discovered the Infringement on July 10, 2024. *Id*. ¶ 27. Glam House willfully and knowingly infringed Fortune's copyrights to the

---

[1] Unless otherwise indicated, the following factual background is derived from the allegations in Plaintiff's Complaint. ECF No. 1 ("Compl.").

Photograph on the Account. *Id.* ¶¶ 32–34. Fortune served a letter seeking to address the Infringement on April 12, 2024, and again on September 11, 2024, both of which Glam House did not respond to. *Id.* ¶¶ 43–45.

### B. Procedural History

On May 12, 2025, Fortune filed an action alleging a claim for Copyright Violation under 17 U.S.C. § 501. *See generally* Compl. On May 20, 2025, Fortune filed a proof of service indicating that Glam House had been served with the Summons and Complaint in this action on May 12, 2025. ECF No. 10. On June 9, 2025, Fortune requested default to be entered against Glam House, and the clerk entered default on June 13, 2025. ECF Nos. 12, 13.

On July 14, 2025, Fortune filed the instant Motion for Default Judgment. ECF No. 14-1 ("Motion" or "Mot."). On July 21, 2025, the Court ordered Fortune to provide notice to Glam House of the August 28, 2025, hearing date on the Motion, and file a proof of service indicating that such notice was given. ECF No. 15. Fortune has filed a proof of service indicating that the Motion and notice of the hearing date had been mailed to Glam House. ECF No. 16.

On August 27, 2025, the Court issued its tentative ruling on the Motion. On August 28, 2025, the Court held a hearing for the Motion at which the defendant failed to appear and counsel for plaintiff submitted to the tentative.

## II. **Applicable Law**

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing: (1) when and against what party the default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other like fiduciary who has appeared; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice if required by Rule 55(b)(2). C.D. Cal. L.R. 55-1.

Once default has been entered, the factual allegations in the complaint, except those concerning damages, are deemed admitted by the non-responding party. *See* Fed. R. Civ. P. 8(b)(6);

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, default judgment is not automatic upon the Clerk's entry of default; rather, it is left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980). When deciding whether to enter default judgment, courts consider seven factors, commonly known as the *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. Discussion

#### A. Fortune has Satisfied Procedural Requirements

As an initial matter, the Court has subject matter jurisdiction over Fortune's copyright claim, which arises under federal law. The Court is satisfied that personal jurisdiction exists over Glam House and venue is proper—it appears Glam House does business in this district and/or the acts giving rise to the claim arose here. Compl. ¶ 9.

Glam House was served on May 12, 2025. ECF No. 10. Pursuant to Federal Rule of Civil Procedure 55, Fortune sought entry of default by the Clerk of the Court, which was entered on June 13, 2025. ECF Nos. 12, 13. In accordance with Local Rule 55-1, counsel for Fortune has represented that Glam House is not an infant or an incompetent person, and the Servicemembers Civil Relief Act does not apply. ECF No. 14-2 ("Lange Decl.") ¶¶ 3c–d. Therefore, the requisite procedural requirements for seeking default judgment have been met.

#### B. The *Eitel* Factors Weigh in Favor of Granting Default Judgment

The Court next considers the *Eitel* factors and finds that they weigh in favor of granting default judgment.

##### i. Fortune will suffer prejudice in the absence of default judgment.

First, the Court considers whether Fortune will suffer prejudice if default judgment is not entered. Here, based on the facts established by the Complaint, the Court concludes that Fortune would suffer prejudice from being deprived of the opportunity to enforce its copyright and obtain a

judgment on the merits against Glam House, who has committed infringement. Accordingly, this factor weighs in favor of granting default judgment.

/ / /

### ii. The Complaint sufficiently states meritorious claims.

Next, the Court considers whether Fortune has stated a valid claim for which it can seek relief. *See Kloepping v. Fireman's Fund*, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996) ("The Ninth Circuit has suggested that [the factors] involving the substantive merits of plaintiff's claim and the sufficiency of the complaint – require that plaintiffs' allegations 'state a claim on which the [plaintiff] may recover.'") (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

The Court finds that the Complaint demonstrates meritorious claims of copyright infringement, which weighs in favor of granting default judgment. To establish a prima facie case of direct copyright infringement, a plaintiff must show (1) ownership of a valid copyright; and (2) that the defendant himself violated the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). Here, Fortune has sufficiently alleged that (1) it has valid copyright registrations for the Photograph (Compl. ¶ 16)[2] and (2) that Glam House displayed the Photograph in substantially identical form on its Account without Fortune's permission (Compl. ¶¶ 25–30). Fortune further alleges that Glam House's conduct was knowing and willful. Compl. ¶¶ 32–35; *see Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (explaining that on default judgment, "all factual allegations in the complaint are deemed true, including the allegation of [] willful infringement"). Accordingly, the Court finds that the Complaint sufficiently states a claim for willful, direct copyright infringement, supporting default judgment.

### iii. The sum of money at stake is supported by the conduct alleged.

This factor considers "the amount of money at stake in relation to the seriousness of the defendant's conduct," and weighs in favor of default judgment. *PepsiCo, Inc. v. Los Potros Dist. Ctr., LLC*, No. CV-07-2425, 2008 WL 942283, at *3 (D. Ariz. Apr. 7, 2008). The Court finds that the relief sought is within the range of statutory damages allowed under 17 U.S.C. § 504(c)(1) and

---

[2] Under 17 U.S.C. § 401(c), registration of a copyright establishes a rebuttable presumption of ownership, originality, and validity in the Photograph. *S.O.S. Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989).

(2). In particular, the statute provides for statutory damages ranging from $750 to $30,000 for all infringements involved in the action, as well as a discretionary award of not more than $150,000 where a plaintiff shows the infringement was committed willfully. 17 U.S.C. § 504(c)(1), (2). Courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

Here, Fortune seeks statutory damages in the amount of $14,275 for the Photograph. Mot. at 10. Fortune calculated this figure based on the minimum licensing fee charged for a similar image by Getty Images, a leading stock photography agency, which Fortune claims is $2,855. ECF No. 14-3 ("Ex. 2") at 7. Fortune then applied a multiplier of five to this baseline to account for Glam House's willful infringement of the Photograph and his desire to deter future infringement by Glam House and others. Mot. at 10; Fortune Decl. ¶ 22. The Court finds this multiplier reasonable in light of the deterrent and punitive purposes of statutory damages pursuant to the Copyright Act for willful copyright infringement, and finds that the amount is within the confines of the law based on the conduct alleged. Accordingly, the Court does not find this factor to weigh against granting default judgment.

### iv. There is little possibility of dispute concerning the material facts.

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *See TeleVideo Systems*, 826 F.2d at 917–18. Here, the Complaint alleges the facts necessary to establish its claims, and default has been entered against Glam House as Glam House has not appeared nor asserted any defenses; thus, there is no possibility of a dispute of material fact at this time. Accordingly, the Court finds that this factor weighs in factor of granting default judgment.

### v. It is unlikely that Glam House acted with excusable neglect.

The Court next considers whether the default resulted from excusable neglect. It appears that Glam House was properly served with the Summons and Complaint. ECF No. 10. Moreover, Glam House was provided notice of the Motion as well as the August 28, 2025, hearing date by mail. ECF

1  No. 16. Accordingly, it appears unlikely that the default is a result of excusable neglect, and
2  therefore this factor weighs in favor of granting default judgment.
3  / / /
4  / / /

           vi.   <u>The policy favoring resolution on the merits is negligible.</u>

Although there is a preference to resolve cases on the merits, it is Glam House's failure to respond to the Complaint that makes such a resolution impossible. Therefore, the Court finds that this factor negligible in making a finding on whether to grant default judgment.

### IV.   Damages

As discussed in Section III.B.iii, *supra*, the Court finds the requested damages reasonable. Fortune has calculated the amount owed based on what he estimates would have been the licensing fee of the Photograph according to Getty Images, the leading stock photography agency, for a similar photograph, multiplied by a factor of five for Glam House's willful infringement and for deterrence purposes. Mot. at 10; Fortune Decl. ¶ 22.

### V.   Attorneys' Fees and Costs

The Court finds that an award of reasonable attorney's fees is allowable to a prevailing party in a copyright action. 17 U.S.C. § 505; *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989) ("Plaintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee award must be reasonable."). Here, counsel for Fortune seeks fees of $1,456.50 pursuant to Local Rule 55-3, which provides that where the amount of judgment is between $10,000.01 and $50,000.00, attorneys' fees awards are calculated by the sum of $1,200 plus 6% of the amount over $10,000.00. Mot. at 14.

Finally, the Court finds Plaintiff's request for costs amounting to $494.00 for the filing fee and process service to be reasonable, supported, and awardable as costs under 17 U.SC. § 505. Mot. at 14-15.

### VI.   Conclusion

For the foregoing reasons, the Court hereby GRANTS the Motion for Default Judgment:

1. Judgment shall be entered on Fortune's Complaint against Glam House in the total amount of $16,234.50, comprising of:

   a. Statutory damages in the amount of $14,275.00 for Fortune's claim of copyright infringement pursuant to the Copyright Act, with respect to the Photograph identified in the Complaint;

   b. Attorney's fees of $1,456.50; and

   c. Costs of $494.00.

IT IS SO ORDERED.

Dated: September 2, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge